IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ZACHARY WALKER, Individually, and on behalf of himself and others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>BOB LADD & ASSOCIATES, INC., d/b/a LADD'S,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)   No. 2:24-cv-02194-SHL-atc<br>)<br>)<br>)<br>)<br>) |

**ORDER DENYING DEFENDANT'S MOTION TO EXTEND
SCHEDULING ORDER DEADLINES**

Before the Court is Defendant Bob Ladd & Associates, Inc.'s ("Ladd's) Motion and Memorandum to Extend Scheduling Order Deadlines, filed August 2, 2024. (ECF No. 21.) Ladd's seeks this extension because their new counsel, who entered notices of appearances thirty-five days ago, were "brought into the case over a month after the Scheduling Order was entered" and the current deadlines allegedly do not allow for "adequate time to conduct discovery." (ECF No. 21 at PageID 66.)

Federal Rule of Civil Procedure 16(b)(4) mandates that "[a] schedule may be modified only for good cause and with the judge's consent." The Sixth Circuit follows a two-step test to determine whether good cause has been demonstrated by the moving party. First, the party must show that they exerted appropriate diligence on the matter, and that "despite their diligence they could not meet the original deadline." Leary v. Daeschner, 349 F.3d 888, 907 (6th Cir. 2003

Second, a determination of "the potential prejudice to the nonmovant also is required." Id. at 909. Diligence is the "primary measure" in the analysis, "but 'possible prejudice to the party opposing the modification' is also relevant." In re Onglyza (Saxagliptin) & Kombiglyze

(Saxagliptin & Metformin) Prods. Liab. Litig., 93 F.4th 339, 349 (6th Cir. 2024) (quoting Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002)).

Ladd's does not make it past the first step.  They have not demonstrated due diligence in attempting to meet the scheduling order's deadlines.  In fact, Ladd's does not address due diligence at all in their motion.  As the Court made clear in its last order, "[d]espite this change in counsel, no deadlines in the scheduling order will be altered."  (ECF No. 20 at PageID 64.)  For all of these reasons, the unopposed motion to extend scheduling order deadlines is **DENIED**.

**IT IS SO ORDERED,** this 2nd day of August, 2024.

                                                  s/ Sheryl H. Lipman  
                                                  SHERYL H. LIPMAN  
                                                  CHIEF UNITED STATES DISTRICT JUDGE